IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MARTHA BRANDENBURG. <br><br> Plaintiff, <br><br> v. <br><br> JOHN K. HARDY, OD, P.A. D/B/A HILL COUNTRY EYE ASSOCIATES AND JOHN K. HARDY, <br><br> Defendants. | § § § § § § § § § § § | Civil Action No. 5:20-CV-1202 |

## PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

For her Original Complaint against Defendants John K. Hardy, OD, P.A. d/b/a Hill Country Eye Associates and John K. Hardy, Plaintiff Martha Brandenburg shows the following:

### Introduction

1. This is an action for unpaid overtime compensation under the Fair Labor Standards Act (FLSA). Plaintiff Martha Brandenburg has been employed by Defendants John K Hardy, OD, P.A. d/b/a Hill Country Eye Associates and its president and owner, John K. Hardy, in a non-exempt position. However, Defendants failed to pay Plaintiff overtime compensation in accordance with the Fair Labor Standards Act. Plaintiff now sues for damages.

### Parties

2. Plaintiff Martha Brandenburg is an individual residing in 2461 Divine Way, New Braunfels, Texas 78130. She may be served with papers through the undersigned counsel.

1

3. Defendant John K. Hardy, OD, P.A. is a professional association organized under the laws of the State of Texas. According to the Texas Secretary of State, Defendant's principal place of business is located at 1929 Highway 46, Suite 103, New Braunfels, Texas 78132. It may be served with process through its Registered Agent, John K. Hardy at 1929 Highway 46, Suite 103, New Braunfels, Texas 78132.

4. Defendant John K. Hardy is the president and owner of Defendant John K. Hardy, OD, P.A. He may be served with process at 1929 Highway 46, Suite 103, New Braunfels, Texas 78132 or wherever he may be found.

## Jurisdiction and Venue

5. The Court possesses personal jurisdiction over Defendant John K. Hardy, OD, P.A. because Defendant is organized under the laws of the State of Texas and because this Defendant maintains its principal place of business in Texas and continuously operates in Texas. The Court possesses personal jurisdiction over Defendant John K. Hardy because this Defendant is a citizen of the State of Texas. The Court possesses subject-matter jurisdiction pursuant to 28 U.S.C. Section 1331 because this action is brought pursuant to a federal statute, the Fair Labor Standards Act. Venue is proper in the Western District of Texas because Plaintiff worked for Defendant in New Braunfels, Texas, which is in the geographic confines of the San Antonio Division of the Western District of Texas.

## Statement of Facts

6. Defendant John K. Hardy, OD, P.A. dba Hill Country Eye Associates is an optometry practice and optical located in New Braunfels, Texas. It is owned and operated by Defendant John K. Hardy, who directly supervised and managed all of the employees, including Plaintiff, up until the practice was sold in or around September of 2020. Plaintiff commenced

employment with Defendants in November of 2017. Plaintiff at all times worked in a non-exempt position, primarily as a "chief opthalmic technician." Up until early October of 2018, Plaintiff was paid on a salary basis, although she did not supervise employees or otherwise perform exempt duties. Thereafter, Plaintiff was paid on an hourly basis. Although Plaintiff was a non-exempt employee, Defendants failed to pay Plaintiff the FLSA-mandated overtime premium in weeks when she worked in excess of forty hours. Additionally, Defendants docked Plaintiff for a one-hour lunch period even when she worked through lunch. Defendants also rounded down Plaintiff's hours to the nearest quarter hour, but only rounded down. Also, for several weeks in the October/November of 2017 time frame, Plaintiff worked "off the clock" in connection with the practice's move to its current location.

7. Over the course of her employment, Plaintiff has on several occasions inquired about payment for overtime, but was told by Defendant John K. Hardy that he does not pay overtime. Plaintiff remained employed by Defendants until September 14, 2020, when Defendants sold the practice to a third-party. Plaintiff now works for the successor business but has tendered her resignation effective October 16, 2020.

**Causes of Action: Violations of the Overtime Provisions of the FLSA**

8. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 7 supra.

9. At all times relevant to this lawsuit, Defendant John K. Hardy, OD, P.A. dba Hill Country Eye Associates was an employer within the meaning of the Fair Labor Standards Act and was the employer of Plaintiff. Defendant has engaged in interstate commerce, and has had gross annual sales in excess of $500,000.00. Likewise, under controlling case law, Defendant John K. Hardy was an employer because he owned and operated Defendant John K. Hardy, OD,

P.A., because he had the ability to hire, fire, and discipline employees, and because he was directly responsible for the overtime violations alleged in this lawsuit.

10. At all times relevant to this lawsuit, Plaintiff has been an employee of Defendants. Plaintiff has likewise directly engaged in interstate commerce while performing her work on behalf of Defendants.

11. At all times relevant to this lawsuit, Plaintiff was a non-exempt employee, meaning that she was not exempt from the minimum wage and overtime provisions of the FLSA. Plaintiff did not perform exempt duties under any of the exemptions recognized by the FLSA. Moreover, since October 2018, Plaintiff has been paid strictly on an hourly basis. Despite her non-exempt status, Plaintiff has not been paid an overtime premium in those workweeks when she has worked in excess of 40 hours over the last three years. As such, Plaintiff is owed the FLSA-mandated overtime premium for all hours worked over 40 in any workweek. Plaintiff also contends that she is owed an equal amount in liquidated damages because Defendants cannot establish a "good faith" defense under 29 U.S.C Section 260. Finally, Plaintiff contends that she is entitled to invoke the FLSA's three-year statute of limitations because Defendants' violations of the FLSA with respect to Plaintiff were willful.

12. Finally, because Plaintiff has had to retain counsel to prosecute this action, she is entitled to an award of attorney fees.

### Jury Demand

13. Plaintiff demands a trial by jury.

### Conclusion and Prayer

12. Plaintiff prays that, upon final judgment, she be awarded the following:

4

a. Unpaid overtime;

b. Liquidated damages;

c. Attorney fees;

d. Costs of court and litigation expenses;

e. Post-judgment interest; and

f. All other relief to which Plaintiff is entitled.

Respectfully submitted,

/S/ MICHAEL V. GALO, JR.
Michael V. Galo, Jr.
State Bar No. 00790734
GALO LAW FIRM, P.C.
4230 Gardendale, Bldg. 401
San Antonio, Texas 78229
Telephone: 210.616.9800
Facsimile: 210.616.9898
mgalo@galolaw.com
ATTORNEY FOR PLAINTIFF
MARTHA BRANDENBURG